IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN POLANCO, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Civil Action No. 08-586 |
| ) | Chief Magistrate Judge Amy Reynolds Hay |
| MICHAEL ZENK (THE WARDEN) of ) | |
| Moshannon Valley Correctional Center, ) | |
| ) | |
| Respondent ) | |

MEMORANDUM OPINION

HAY, Chief Magistrate Judge

Juan Polanco ("Petitioner) is currently serving a federal sentence of 41 months after pleading guilty to Illegal Reentry after Removal. 18 U.S.C. § 1326. He is serving his sentence at the Moshannon Valley Correctional Center ("MVCC") which is located within this District. He filed this Section 2241 petition, challenging the way in which the United States Bureau of Prisons ("BOP") determined to credit his federal sentence. Specifically, he challenges the BOP's denial of his request to retroactively designate a state prison as the place he commenced his federal sentence, which would effectively give Petitioner a credit of roughly 13 months against his federal sentence for time he was serving his state sentences (on drug charges) in state prison and before he formally began serving his federal sentence in a federal prison. Petitioner contends that although he was arrested by state authorities first (on drug charges) and then later arrested by federal authorities (while he was in state pre-trial detention) on the illegal reentry charge, he was convicted and sentenced in federal court before he was convicted and sentenced in state court. Only after being paroled from the state sentences did Petitioner then immediately commence his

federal sentence. Thereafter, Petitioner requested the retroactive designation. The BOP considered Petitioner's nunc pro tunc request but, in the exercise of its discretion, denied it. Petitioner now seeks to challenge that exercise of discretion as being violative of his rights. Because he has not carried his burden to show entitlement to relief, the petition is properly denied.

Petitioner's Section 2241 petition was eventually docketed, Dkt. [4], and the Court directed that an answer be filed. Dkt. [2]. The Respondents filed an answer, with attached evidentiary materials, explaining that Petitioner was not entitled to relief. Dkt. [7]. Both parties have filed their consent to have the Magistrate Judge exercise plenary authority. Dkt. [8] & [9].

The following factual recitation is taken mostly from the Respondent's Answer and does not appear to be disputed by Petitioner. On June 17, 2005, Petitioner was arrested by officers of the Reading, Pennsylvania Police Department, pursuant to drug trafficking charges. Dkt. [6-8] at 3, ¶ 5d, Declaration of Richard Courtot (referencing Presentence Investigation Report (PSR)). On September 26, 2005, Petitioner was arrested by federal authorities at the Berks County, Pennsylvania Prison. Dkt. [6-9] (United States Marshals Service Form 129). Thereafter, he was produced from Pennsylvania state custody pursuant to a federal writ of habeas corpus ad prosequendum, for purposes of processing the federal criminal charge. Dkt. [6-8] at 4, ¶ 6(c). On September 29, 2005, Petitioner was returned to Berks County Prison with a federal detainer, in satisfaction of the federal writ. Id., at 5, ¶ 6(d).

On December 1, 2005, Petitioner pleaded guilty to the federal criminal charge. Id., at ¶ 6(e). On March 13, 2006, Petitioner again was produced from Pennsylvania state custody pursuant to a writ of habeas corpus ad prosequendum, for sentencing. See id., at ¶ 6(f).

Petitioner was sentenced on March 14, 2006, in the United States District Court for the Eastern District of Pennsylvania ("federal sentencing court") to a 41 month term of imprisonment, with a three year term of supervised release to follow for Illegal Re-Entry After Removal, 18 U.S.C. §§ 1326(a), (b)(2). Dkt. [6-10] (Judgment and Commitment Order). The federal sentencing court recommended that Petitioner receive credit for time spent in custody from September 26, 2005, and it recommended that the BOP designate Petitioner to an institution in or near the state of Florida. However, the federal sentencing court was silent as to whether Petitioner's federal sentence should run consecutively to or concurrently with any other sentence. Id. Following sentencing, Petitioner was returned to the custody of the Commonwealth of Pennsylvania with a federal sentencing detainer to continue serving his state sentence, in satisfaction of the federal writ. Dkt. [6-8] at 5, ¶ 6(h).

More than a year later, on December 6, 2006, Petitioner was sentenced in state court to a state sentence of 11-1/2 months to 23 months for Conspiracy to Commit Manufacture of a Controlled Substance (Marijuana) and Manufacture of a Controlled substance (Marijuana), in violation of 18 Pa.C.S.A. § 903(a)(1)(2)F and 35 P.S. § 780-113(a)(30)F, respectively. The state sentencing court directed that Petitioner receive a credit of 538 days of time served against his state sentence. Id., at 5, ¶6(i); Dkt. [6-11] at 2 (Sentencing Order, Commonwealth v. Juan Rivera, 06-CR-3421-2005, Count 4); Dkt. [6-11] at 2 (Sentencing Order, Commonwealth v. Juan Rivera, 06-CR 3421-2005, Count 2).

On April 10, 2007, Petitioner was paroled to the federal detainer. Dkt. [6-8] at 5, ¶6(j). Five months later, on September 10, 2007, Petitioner was designated to MVCC. Id., ¶6(k).

In a letter dated October 4, 2007, MVCC advised the BOP's Designation and Sentence Computation Center ("DSCC") that Petitioner had requested prior custody credit toward his federal sentence for time spent in service of his state sentence. Dkt. [6-14] (letter dated October 4, 2007). The effect of such a designation would be to commence Petitioner's federal sentence on March 14, 2006, i.e., the date of imposition of his federal sentence.

In a letter dated November 8, 2007, the BOP contacted Petitioner's federal sentencing court, seeking the court's position regarding a retroactive designation of the state prison for service of Petitioner's federal sentence. It was explained that at the time Petitioner's federal sentence was imposed, he was in primary state custody, and the federal Judgment and Commitment Order was silent as to whether the court intended Petitioner's federal sentence to run consecutively to or concurrently with Petitioner's state sentence. It was explained that if a retroactive designation was consistent with the federal sentencing court's intent, Petitioner's federal sentence would be deemed to have commenced on March 14, 2006, the date of imposition. However, if a retroactive designation was not consistent with the court's intent, the commencement of Petitioner's federal sentence would remain effective April 10, 2007, the date he was paroled by the State. Dkt. [6-15] (letter dated November 8, 2007).

As of the filing of the answer, the federal sentencing court had not yet responded to the November 8, 2007 letter from the Bureau of Prisons. Dkt. [6] at 4.

On November 29, 2007, Petitioner submitted a Request for Administrative Remedy with the Warden of MVCC, in which he requested to have his federal sentence commence on September 26, 2005. Dkt. [6-4] at 2 (Administrative Remedy, Case Number 476359). In a Response dated December 6, 2007, the Warden denied Petitioner's Request. It was explained

4

that 18 U.S.C. § 3585(b) prohibited Petitioner from receiving such credit against his federal sentence. It was also explained that his request for a retroactive designation of the state prison for service of Petitioner's federal sentence was forwarded to the DSCC for review and evaluation. Id., at 3.

On December 18, 2007, Petitioner filed an Administrative Remedy Appeal with the BOP's Privatization Branch, in which he sought a nunc pro tunc designation of the state institution for service of his federal sentence and prior custody credit against his federal sentence for all time served in official detention prior to the commencement of his federal sentence. Id., at 5. In a response dated January 17, 2008, Petitioner was advised that his request was forwarded to the DSCC for a review and determination. Id., at 6.

On February 8, 2008, Petitioner appealed the Privatization Branch's Response to the National Inmate Appeals administrator. Id., at 7. In a Response dated March 12, 2008, Petitioner's Appeal was denied. Id., at 8. The Response explained that the prior custody credit Petitioner requested was prohibited under 18 U.S.C. § 3585(b), because all of the time served prior to the commencement of his federal sentence was credited against another sentence. Id. Petitioner was advised further that his request for a retroactive designation was considered pursuant to the factors set forth at 18 U.S.C. § 3621(b) and Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. In addition, Petitioner was advised that the federal sentencing court was silent on whether his sentence should run consecutively to or concurrently with any other sentence, and unless the court explicitly orders that the terms are to run concurrently, pursuant to 18 U.S.C. § 3584, "multiple terms of imprisonment imposed at different times run consecutively." Finally, Petitioner was advised that

5

his federal sentencing court was contacted for clarification of its position regarding the requested retroactive designation, which did not provide a response. Therefore, it was determined that a retroactive designation was not appropriate. Id., at 8.

The BOP computed Petitioner's federal sentence as commencing on April 10, 2007, the date he was paroled to the federal detainer. Petitioner was granted no prior custody credit. Assuming he earns all good conduct time available to him under 18 U.S.C. § 3624(b), his projected release date is May 4, 2010.

Petitioner's claim appears to be twofold. First, he notes that the sentencing court judge recommended in the Judgment In a Criminal Case order that "Defendant shall receive credit for all time spent in custody from September 26, 2005 as a result of the offence for which this sentence is imposed." Dkt. [6-10] at 3. Petitioner appears to argue from this fact that the BOP was required to provide him such credit and if given such credit, his federal sentence would be shorter than it is calculated to be now. His second claim appears to be that notwithstanding the fact that the federal sentencing court ordered him to be credited with the time from September 26, 2005 and that the BOP failed to give him such credit, he is nevertheless entitled to have the BOP designate nunc pro tunc his placement in the state prison(s) prior to state court sentencing/conviction to also be the placement of his federal sentence. Petitioner seeks to have the state prison(s) retroactively designated as the place(s) where he commenced serving his federal sentence, such that his federal sentence would be deemed to have begun as March 14, 2006, the date of imposition of his federal sentence, as of which date Petitioner was in the state's custody. Such a retroactive designation, if granted, would, in effect, make his federal sentence

run concurrent with his state sentences. He further suggests that the BOP's failure to do so somehow violated his rights and so he brings this habeas petition.

A writ of habeas corpus may be extended to an inmate only if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Computation of an inmate's federal sentence under federal law is the responsibility of the Attorney General of the United States, who exercises it through the BOP. See, e.g., United States v. Wilson, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96. The BOP, therefore, is the agency responsible for implementing federal law concerning the computation of federal sentences, which includes 18 U.S.C. § 3585(a), the statute that governs when a federal sentence commences, and 18 U.S.C. § 3584(a), the statute that governs a federal sentencing court's authority to order that a federal sentence be served concurrent with another sentence.

The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual. Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, available at Dkt. [6-7] at 2 to 14. BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). The BOP policies at issue in this case are contained in Program Statements and are not also published in any federal regulation and, thus, are not subject to public notice and comment before adoption. Therefore, the policies are not entitled to the deference described in Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 842 (1984). Tablada v. Thomas, 533 F.3d 800, 806 (9th Cir. 2008). However, the policies are still entitled to "some deference" from this Court, and we should defer to those policies if the BOP's interpretation of the statutory

scheme that it addresses in the policy is reasonable and is not an impermissible construction of the statutes at issue. Koray, 515 U.S. at 61; Roussos v. Menifee, 122 F.3d 159, 163-64 (3d Cir. 1997). See also United States v. Mead Corp., 533 U.S. 218, 234-35 (2001).[1]

We take up Petitioner's first argument, i.e., that he was entitled to credit against his federal sentence from September 26, 2005, i.e., the date he was formally arrested by federal authorities while he was already imprisoned in the Berks County Jail awaiting trial on the state charges. Petitioner bases this argument on the fact that the federal sentencing court had recommended that he receive such credit. However, as more fully explained in the answer, the Respondents are affirmatively barred by statute, i.e., 18 U.S.C. § 3585(b), from providing such a credit because the time he spent in custody in the state prison(s) from September 26, 2005 until the date of his being sentenced by the federal court, i.e., March 14, 2006, was ordered by the state court (after the federal court's sentencing order was already docketed) to be credited against his state sentences. Dkt. [6-11] at 2; [6-12] at 2 (state court orders directing that Petitioner receive

---

[1] The Supreme Court explained in Mead, 533 U.S. at 234-35, that:

Chevron, did nothing to eliminate [the holding in Skidmore v. Swift & Co., 323 U.S. 134 (1944)] that an agency's interpretation may merit some deference whatever its form, given the "specialized experience and broader investigations and information" available to the agency, [Skidmore, 323 U.S. at 139], and given the value of uniformity in its administrative and judicial understandings of what national law requires, id. [at 140], See generally, Metropolitan Stevedore Co. v. Rambo, 521 U.S. 121, 136 [ ] (1997) (reasonable agency interpretations carry "at least some added persuasive force" where Chevron is inapplicable); Reno v. Koray, 515 U.S. 50, 61 [ ] (1995) (according "some deference" to an interpretive rule that "do[es] not require notice and comment"); Martin v. Occupational Safety and Health Review Comm'n, 499 U.S. 144, 157 [ ] (1991) ("some weight" is due to informal interpretations though not "the same deference as norms that derive from the exercise of … delegated lawmaking powers").

credit of 538 days against his sentence per stipulation).[2] Because 18 U.S.C. § 3585(b) affirmatively prohibits the crediting of time served against a federal sentence that is or has been credited against another sentence by the time the BOP comes to do its sentencing calculations, there is no error in the BOP refusing to give Petitioner credit against his federal sentence for the time from September 26, 2005 until March 13, 2006.  See United States v. Wilson, 503 U.S. 329 (1992); Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000), superceded by statute on other grounds as recognized in, Gates v. DeRosa, 206 Fed.Appx. 134,135 n.3  (3d Cir. 2006); Chambers v. Holland, 920 F.Supp. 618, 623 (E.D. Pa. 1995) ("Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence."), aff'd, 100 F.3d 946 (3d Cir. 1996 (Table); see also United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (holding that the Bureau of Prisons "properly decided not to award credit for time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting").  Accordingly, this issue affords Petitioner no relief because he has failed to show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  Indeed, the laws of the United States specifically prevent Petitioner from being afforded the pre sentence credits to which he claims entitlement.

     Petitioner's next issue is that the BOP somehow violated his rights by not retroactively designating his federal sentence to be served at the state prison(s) in which he was incarcerated after his federal sentence was imposed.  Such retroactive designation would, in effect, have

---

[2]  It appears that these 538 days were calculated as follows, i.e., from June 17, 2005, the date whereon Petitioner was arrested by state authorities and placed in state jail until December 6, 2006, the date whereon Petitioner was sentenced on the state charges for which he was arrested on June 17, 2005. Dkt. [6] at 15; Dkt. [6-6] at 2 (calculating this time period to be 538 days).


caused his federal sentence to be deemed to run concurrently with his state sentences as of the date he was sentenced by the federal court. In other words, Petitioner's federal sentence would be deemed to have commenced as of March 14, 2006 (the date his federal sentence was imposed) rather than on April 10, 2007, (i.e., the date he was paper paroled from his state sentence and released into federal custody to begin to serve his federal sentence), more than one year later. As explained above, Petitioner requested the nunc pro tunc designation and the BOP, aware of its authority to grant such, nevertheless exercised its jurisdiction to deny his request.

We review the BOP's exercise of its discretion to grant or deny a request for a nunc pro tunc designation for an abuse of discretion. Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 2007) ("We will therefore remand this matter to the district court with directions that it in turn remand the matter to the Bureau so that the Bureau can promptly review Barden's claim and thereafter act to grant or deny it in accordance with the broad discretion the Bureau is given by the applicable statute. See 18 U.S.C.A. § 4082(b) (West 1985). Any further court review of the Bureau's action will be limited to abuse of discretion."). It is a petitioner's burden to establish that the BOP abused its discretion in denying the request. Smith v. Lamanna, No. 0:05-2260-MBS, 2006 WL 1705664, at *4 (D.S.C. June 13, 2006) ("Petitioner has also failed to meet his burden of showing that the BOP abused its discretion in this case."). See also Nunez v. Berkebile, No. 3-08-CV-1710-N, 2008 WL 5220282, at *2 (N.D.Tex. Dec. 12, 2008)("Petitioner has failed to show that the BOP abused its discretion in failing to designate the TDCJ-CID [i.e., the state prison] as a 'place of imprisonment' for serving his federal sentence."). Petitioner has failed to meet that burden.

Recently, in a case very similar to Petitioner's case, the court rejected an argument that the BOP abused its discretion in denying a nunc pro tunc request by the federal prisoner therein, who like Petitioner, sought to have the BOP retroactively designate a state prison to be the place of commencement of his federal sentence so that the amount of time he had to serve on the federal sentence would, in effect, be reduced. Peterson v. Marberry, Civ.A. No. 07-56 Erie, 2009 WL 55913 (W.D.Pa. Jan.5, 2009). What the court held therein is equally applicable herein:

> **1. The BOP did not abuse its discretion in denying Petitioner's request for a retroactive concurrent designation under 18 U.S.C. § 3621(b)**
>
> In determining whether Petitioner is entitled to any habeas relief, this Court must first examine whether the BOP violated federal law in computing Petitioner's federal sentence as consecutive to his state sentences. This analysis requires a consideration of whether the BOP abused its discretion in declining to grant Petitioner a retroactive, or nunc pro tunc, concurrent designation pursuant to 18 U.S.C. § 3621(b). Barden, supra; PS 5160.05, Pages 5-7.
>
> When Judge Dowd [the federal judge who imposed the federal sentence] imposed Petitioner's federal sentence on March 15, 1996, Petitioner was in primary state custody by virtue of his arrest on August 8, 1995 on several state/local warrants. (Ex. 2 ¶ 8). He also was subject to the 2 ½ year term of imprisonment imposed by the Court of Common Pleas on August 24, 1995 at Case Numbers 306195 and 313585 as a result of his probation revocation. Moreover, additional state charges were pending against him as a result of his August 8, 1995 arrests. Judge Dowd did not order that Petitioner serve his federal sentence concurrently with any state sentence. However, because the state court subsequently ordered that Petitioner serve the state sentences imposed on June 24, 1996 concurrently with his federal sentence, the BOP considered, as it must under Barden and its own policies, whether it should exercise its discretion and grant Petitioner a retroactive concurrent designation pursuant to 18 U.S.C. § 3621(b).
>
> Both the BOP and Petitioner informed Judge Dowd of the circumstances of Petitioner's case, and he declined to recommend that Petitioner be permitted to serve his federal sentence concurrently with his state sentences. Thereafter, the BOP rejected Petitioner's request for retroactive concurrent designation under 18 U.S.C. § 3621(b). This Court cannot conclude that the BOP abused its discretion in making this determination. Barden, 921 F.2d at 484. The BOP followed the procedures set forth in PS 5160.05 in considering Petitioner's request for retroactive concurrent designation and determined that such a designation was not

11

> warranted in this case. There is no basis to grant habeas relief upon the BOP's exercise of its discretion in this case.
>
> Although the Common Pleas Court ordered the state sentences that it imposed on June 24, 1996, to run concurrently with Petitioner's federal sentence, the BOP is charged with carrying out the sentence that the federal court imposed, not the sentence the state court imposed. Id. 480-84. Judge Dowd did not order-at the time of sentencing or at any point subsequent to sentencing ( see PS 5160 .05, Page 5)-that Petitioner serve his federal sentence concurrently with his state sentences, and he has not offered an opinion to the BOP regarding whether Petitioner should receive a retroactive concurrent designation. Thus, the BOP is not obligated to calculate Petitioner's federal sentence as if he has been serving it concurrently with his state sentences. At first glance the result may seem harsh, until one considers that the State of Ohio credited against Petitioner's state sentence all the time that he had been improperly held by the BOP at a federal detention facility. (Ex. 2 ¶ 9; Ex. 1e). Therefore, the duration of Petitioner's state sentences was not extended by the BOP's actions. And, because Petitioner's federal sentence is consecutive to his state sentences, he is serving his federal sentence in the manner he should be serving it.

Id., at 8 to 9. This Court agrees with the foregoing reasoning and finds it to be dispositive of Petitioner's habeas claim herein. Just as in Peterson, so, too, here the running of the state sentences were in no manner extended nor adversely impacted by the actions of the BOP. Those state sentences presumably continue to run or at the very least, the state courts may fashion whatever orders are necessary to grant credit to Petitioner to assure that their sentencing intentions are honored, i.e., to assure that the state sentences run concurrently with the running of the federal sentence. Hence, there is no unfairness as to the state sentences. However, the BOP's actions in denying the nunc pro tunc designation certainly affected the calculation of the federal sentence, in "delaying" the start thereof by some 13 months. However, the question is, does the BOP's actions in denying the nunc pro tunc request constitute an abuse of discretion.

The rule is that we presume the BOP exercised its discretion in a constitutional and legal manner. See, e.g., Garner v. Jones, 529 U.S. 244, 256 (2000) ("we presume the Board [of

Pardons and Paroles of Georgia] follows its statutory commands and internal policies in fulfilling its obligations."); United States v. Aviles, 623 F.2d 1192, 1198 (7th Cir. 1980) ("the presumption of regularity attends official acts of public officers and the courts presume that their official duties have been discharged properly."). Given this presumption, it is Petitioner's burden to come forward with evidence to rebut the presumption that the BOP exercised its discretion in a lawful manner. See Luttrell v. U.S. Government, 237 F.Supp.2d 1292, 1297 (W.D.Okla. 2002)("because the established agency guidelines allowed the BOP officials to exercise discretion in these matters, it must be presumed that their decisions and actions were grounded in policy considerations and, regardless of the BOP's employees' subjective intent, that the employees' decisions and actions are susceptible to policy analysis. See Gaubert, supra. Plaintiff, who has the burden of rebutting the presumption, has failed to present any evidence showing that the decisions and actions challenged were not based on policy considerations"). In fact, the record affirmatively establishes that the BOP exercised its discretion by giving due consideration to the factors required by Barden. See, e.g., Dkt. [6-4] (Final Appeal disposition, explaining the BOP's rationale for denial of the nunc pro tunc designation request).[3] In the face of the

---

[3] That Final Response indicated in relevant part as follows:

A retroactive designation is made only after review of all relevant factors under Title 18 U.S.C. § 3621(b) and Program Statement 5160.05 Designation of State Institution for Service of Federal Sentence [which explicitly references the Third Circuit decision in Barden, see, e.g., Dkt. 6-7] at 6, ¶4]. We have determined that the relevant factors in your case are (2), (3), and (4).

Under factor (2), your instant federal offense is Illegal Reentry after Removal. . . . Under factor (3), the record reflects you were convicted of Criminal Possession of a Controlled Substance . . . .

Under Factor (4), the federal Judgement and Commitment Order was silent on whether your sentence should run consecutively or concurrently to any other sentence. Pursuant

13

presumption that the BOP exercised its discretion in a lawful manner, and in the face of the affirmative evidence of record which supports the conclusion that the BOP exercised its discretion lawfully, we find that Petitioner has failed to meet his burden to show that the BOP's exercise of its discretion to deny his request for a nunc pro tunc designation constituted an abuse of discretion.

The only piece of evidence Petitioner points to is the fact that the federal sentencing court indicated in its judgment of sentence that Petitioner was to be given credit for all time spent in pre-sentence confinement. Specifically, the federal sentencing court recommended that "Defendant shall receive credit for all time spent in custody from September 26, 2005, [i.e., the date whereon the federal authorities formally arrested Petitioner while he was already in State custody] as a result of the offense for which this sentence is imposed." Dkt. [6-10] at 3. Petitioner apparently takes this recommendation to be an indication that the federal sentencing court had decided that the federal sentence and the state sentences were to be run concurrently. See, e.g., Dkt. [4] at 4 (Petitioner "is serving a federal sentence of 41 months which the court recommended to run concurrently with the state sentence from September 26, 2005."). However the flaw in Petitioner's argument is that the state sentences were not imposed yet as of the date that the federal sentencing court imposed its sentence and so the federal sentencing court could

---

to 18 U.S.C. § 3584, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Nevertheless, the federal sentencing court was contacted for comment regarding its position on a retroactive designation. The Court did not provide a response. Based on the foregoing, we have determined a retroactive (concurrent) designation is not appropriate in this case. Your sentence has been computed in accordance with applicable statute and policy.

Dkt [6-4] at 8.

not have ordered the federal sentence to run concurrently to the as yet not imposed state sentences. See, e.g., United States v. Neely, 38 F.3d 458, 461 (9th Cir.1994)("a federal court does not acquire discretion to impose a concurrent sentence until the defendant has [already] been sentenced by another court."). By its recommendation, the federal sentencing court was simply indicating that Petitioner should receive credit against his federal sentence for time he spent in custody prior to the federal sentencing. As we saw above, because Petitioner was given credit against his state sentence for this time period, he could not also receive credit against his federal sentence for this period. We do not read the federal sentencing court's recommendation regarding Petitioner's receipt of pre-sentencing credits to be an indication that the federal sentencing court intended the federal sentence to run concurrently to the not yet imposed state sentences. At the most, what Petitioner's argument could establish is that the federal sentencing court's recommendation is ambiguous with respect to whether the federal sentence was intended to be run concurrently with the not yet imposed state Sentences. However, establishing that the record is ambiguous with respect to Petitioner's contention simply is insufficient to carry Petitioner's burden to show affirmatively that the BOP abused its discretion in denying his nunc pro tunc request. See Patrick v. Johnson, NO. CIV.A. 3:98-CV-2291, 2000 WL 1400684, at *9 (N.D. Tex. Aug. 23, 2000)("whatever ambiguity exists in the record must be resolved in favor of the trial court's finding."); Robinson v. Smith, 451 F.Supp. 1278, 1284 n. 6 (W.D.N.Y. 1978)(on habeas review, the court stated that "In my own independent review of the record, I have resolved ambiguities against petitioner"). Accordingly, because Petitioner has failed to carry his burden to establish that the BOP abused its discretion in denying the nunc pro tunc designation request, the petition for writ of habeas corpus is properly denied.

An appropriate Order follows.

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 21 August, 2009

cc: Juan Polanco
59261-066
Mohannon Valley Correctional Center
555 I Cornell Drive
Philipsburg, PA 16866

All counsel of record by Notice of Electronic Filing